COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, Alston and Senior Judge Annunziata
Argued at Richmond, Virginia


VIRGINIA BOARD FOR BRANCH PILOTS

OPINION BY
v.        Record No. 2581-11-2                    JUDGE ROSEMARIE ANNUNZIATA
JULY 10, 2012
WALTER H. McCRORY, JR.


FROM THE CIRCUIT COURT OF HENRICO COUNTY
Catherine C. Hammond, Judge

Joshua N. Lief, Senior Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General; Cynthia H. Norwood, Senior
Assistant Attorney General; Steven P. Jack, Assistant Attorney
General, on brief), for appellant.

Robert W. McFarland (R. Trent Taylor; Robert W. Loftin;
McGuireWoods LLP, on brief), for appellee.


The Virginia Board of Branch Pilots (hereinafter "the Board") appeals the decision of the

circuit court finding that the Board's denial of the application of Walter H. McCrory, Jr. for

licensure as a Branch Pilot was error.  On appeal, the Board contends:  (1) the circuit court erred in

finding that the Board's determination was not supported by substantial evidence in the record;

(2) the circuit court erred in finding that a reasonable mind would necessarily arrive at a conclusion

different than that reached by the Board; and (3) the circuit court erroneously awarded attorney's

fees to McCrory.  We agree with the Board's contentions, and we reverse the decision of the circuit

court.

Background

The Board is a regulatory entity within the Department of Professional and Occupational

Regulation.  The Board is responsible for licensing Branch Pilots and regulating the standards of

conduct which govern them. Branch Pilots are charged with ensuring the safe passage of commercial ships through the waters of Hampton Roads. Upon request, they also ensure the safe passage of ships of the United States Navy. The Virginia Pilot Association (hereinafter "VPA") is a private association through which licensed Branch Pilots are employed. In cooperation with the Board's regulations, the VPA requires its members to submit to random drug screening while on duty.

McCrory was a Branch Pilot from December 1985 until July 2008. At approximately 11:00 a.m. on July 8, 2008, a VPA dispatcher ordered McCrory to proceed to a testing center to submit to a random drug screening after he finished piloting a ship outbound from Norfolk Southern's coal pier. Per the Board's regulations, McCrory was required to do so within two hours of receiving the dispatch. See 18 VAC 45-20-50.[1] McCrory failed to report to the testing center

---

[1] 18 VAC 45-20-50 reads in pertinent part:

> A. All Virginia licensed branch pilots shall be subject to the random chemical testing as set forth in this chapter. Random chemical testing shall be conducted at an annual selection rate of not less than 30% and not more than 100% of total licensees. Licensees shall be responsible for all costs associated with random chemical testing. The chemical test shall be a comprehensive drug screen acceptable to the board that includes testing for controlled substances in Schedules I – V of Chapter 34 (§ 54.1-3400 et seq.) of Title 54.1 of the Code of Virginia.
>
> Only licensees on-duty may be selected for random testing. A licensee selected for random chemical testing shall report for testing within two hours of notification. Failure to take a random chemical test is considered refusal to take the test.
>
> B. Duties of Licensee
>
> 1. All licensees of this board shall enroll and participate in a random chemical testing program that meets the criteria of this chapter.
>
> 2. An on-duty licensee selected for random chemical testing shall report for testing within two hours of notification that he has been selected.

within the required two-hour period. Instead, he arrived at the center at approximately 4:30 p.m., having spent the intervening time picking up one of his children, answering phone calls, and reading the newspaper. While in the parking lot of the center, he returned a voicemail message from a VPA representative who had inquired whether he had completed the test. McCrory told a VPA representative that he was "done" with the test even though he had not yet entered the testing center.

Once McCrory entered the center, the receptionist told him that it was too late in the day to begin the testing procedure. McCrory did not return to a testing center until July 10, and he completed the test on that day. On July 16, McCrory was informed that he had tested positive for cocaine. McCrory consequently deposited his license with the Board after informing it of the test results.

McCrory applied for re-licensure with the Board on August 21, 2009, after completing a rehabilitation program. Both parties waived an informal fact-finding hearing on the application and agreed to proceed directly to a formal hearing before the full Board pursuant to Code § 2-2-4020. The Board issued a decision denying McCrory's application on June 14, 2010. In doing so, it focused on three transgressions: (1) McCrory's failure to report for testing within the requisite two-hour time period, a violation of 18 VAC 45-20-40.4, -40.5, and -40.17,[2] (2) McCrory's false

---

[2] 18 VAC 45-20-40 reads in pertinent part:

> The board shall have the authority to deny initial licensure, deny an extension of license, or deny renewal as well as to discipline existing licensees . . . for the following reasons:

> \* \* \* \* \* \* \*

> 4. Refusing or in any other way failing to carry out an order from the pilot officers for reasons other than the public's health, safety, or welfare.

> 5. Negligence or misconduct in the performance of duties.

> \* \* \* \* \* \* \*

statement to the VPA representative that he was "done" with the test, a violation of 18 VAC 45-20-40.5, and (3) the positive test for cocaine, a violation of 18 VAC 45-20-40.13 that would present a threat to the public health, safety or welfare.[3] In its order and opinion, the Board recognized McCrory's efforts at rehabilitation, noting "The Board carefully considered the testimony of medical personnel. Although the testimony was informative, it was not found to be sufficient to alter the conclusions of the Board."

McCrory appealed the Board's decision to the circuit court. At the conclusion of a May 6, 2011 hearing, the circuit court ruled from the bench and reversed the decision of the Board. In its ruling, the circuit court found that (a) the Board's decision was not based on substantial evidence in the record, (b) a reasonable mind would necessarily come to a different conclusion, (c) the positive drug test had not been shown to be a threat to public health, safety or welfare, (d) the Board's decision ignored the evidence of McCrory's rehabilitation, and (e) McCrory's delay in taking the test and his false statement to the VPA representative did not constitute neglect or misconduct. By two orders entered November 28, 2011, the circuit court (1) reversed and vacated the Board's decision, remanding the case for further proceedings, and (2) awarded attorney's fees to McCrory.

The Board appeals from the two November 28, 2011 orders.

### Discussion

### Standard of Review

This matter arises under the Virginia Administrative Process Act, Code § 2.2-4000 et seq. Judicial review of an agency decision is limited to the following inquiries:

---

       17. Failing to comply with any of the provisions of 18 VAC 45-20-50 of this chapter.

[3] 18 VAC 45-20-40.13 permits denial of an application for renewal for "a positive finding as a result of, or on, any substance abuse or chemical test as a result of which the board believes there is a threat to the public health, safety, or welfare."

- 4 -

1. Whether the agency acted in accordance with law;

2. Whether the agency made a procedural error which was not harmless error; and

3. Whether the agency had sufficient evidential support for its findings of fact.

Johnston-Willis v. Kenley, 6 Va. App. 231, 242, 369 S.E.2d 1, 7 (1988).

Under the Act,

> "[t]he standard of review of an agency's factual findings on appeal to a circuit court is limited to determining whether substantial evidence in the agency record supports its decision." Avante at Lynchburg, Inc. v. Teefey, 28 Va. App. 156, 160, 502 S.E.2d 708, 710 (1998) (emphasis added). Under the "substantial evidence" standard, an agency's factual findings should be rejected "'only if, considering the record as a whole, a reasonable mind would necessarily come to a different conclusion.'" Tidewater Psychiatric Inst. v. Buttery, 8 Va. App. 380, 386, 382 S.E.2d 288, 291 (1989) (quoting Virginia Real Estate Comm'n v. Bias, 226 Va. 264, 269, 308 S.E.2d 123, 125 (1983)). "The phrase 'substantial evidence' refers to 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Bias, 226 Va. at 269, 308 S.E.2d at 125 (citation omitted).

Sentara Norfolk Gen. Hosp. v. State Health, 30 Va. App. 267, 279, 516 S.E.2d 690, 696 (1999), rev'd, 260 Va. 267, 534 S.E.2d 325 (2000).

Additionally, "the court must review the facts in the light most favorable to sustaining the Board's action and 'take due account of the presumption of official regularity, the experience and specialized competence of the agency, and the purposes of the basic law under which the agency has acted.'" Bio-Medical Applications of Arlington, Inc. v. Kenley, 4 Va. App. 414, 427, 358 S.E.2d 722, 729 (1987) (quoting former Code § 9-6.14:17).

Analysis

In its June 14, 2010 order and opinion, the Board listed twenty-nine findings of fact and eight conclusions of law. The essence of the Board's decision is recited above and will not be repeated here. The evidence of McCrory's failed drug test, his failure to report for testing within

the two-hour time frame, and his false statement to the VPA representative constituted "substantial evidence," i.e. "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Bias, 226 Va. at 269, 308 S.E.2d at 125. Nothing in the Board's factual findings indicates that a reasonable mind would "necessarily" come to a different conclusion. The circuit court erred on these two points.

Moreover, we find that the circuit court's other findings are either in error and/or fail to recognize the applicable standard of review governing its role and decision. Specifically, it found that McCrory's 2008 positive drug test was not shown to be a threat to public health, safety or welfare in 2010. The Board, exercising its "experience and specialized competence," Bio-Medical Applications, 4 Va. App. at 427, 358 S.E.2d at 729, concluded otherwise. The Board, mindful of the need for Branch Pilots to be free of mind-altering substances while guiding large commercial and military vessels on busy waterways, concluded that a positive test for cocaine less than two years prior to the date of the hearing did "present a threat to the public health, safety, or welfare." Even if one, such as the circuit court, were to disagree with this conclusion, one cannot, given the deferential standard of review accorded the Board, determine that the Board's conclusion was lacking in support or reason.

Nor do we agree with the circuit court finding that the Board ignored evidence of McCrory's rehabilitation. The record reveals the opposite. The Board heard testimony from three witnesses – two of whom were medical doctors – that McCrory was fit to pilot a vessel. Additionally, the Board had before it evidence from the Chief Medical Review Officer of the VPA that McCrory was fit to return to duty. The Board did not ignore this evidence. In fact, the Board stated that it "carefully considered" the evidence. Yet, given the seriousness of McCrory's transgression and the relatively short lapse of time between the transgression and the application for re-licensure, the Board determined that the evidence of rehabilitation "was not

found to be sufficient to alter the conclusions of the Board." It was within the Board's specialized competence and expertise to make this call, and the circuit court should have, as we must, give deference on this score.

Finally, the circuit court found that McCrory's delay in taking the test and his false statement to the VPA representative did not constitute neglect or misconduct under 18 VAC 45-20-40.5. Even assuming arguendo that we accept this finding, McCrory's delay in taking the test nonetheless constituted violations of 18 VAC 45-20-40.4 and -40.17.

Conclusion

The decision of the Board was in accordance with law and was free of procedural error which was not harmless error. In addition, the Board's findings of fact had sufficient evidential support. As such, the circuit court erred in reversing and vacating the Board's decision. For these reasons, we reverse the decision of the circuit court which reversed and vacated the Board's decision. We also vacate the circuit court's award of attorney's fees to McCrory.

Reversed and vacated.